UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Case No. 19-116

| | |
|---|---|
| HEATHER LAMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | (Jury Trial Requested) |
| SPARTAN LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

NOW COMES Plaintiff Heather Lamb ("Ms. Lamb"), complaining of Defendant Spartan Logistics, LLC ("Spartan") and alleges as follows:

## I.   INTRODUCTION

1. While working for Spartan, Ms. Lamb was stalked, ogled, and harassed by a male coworker who exposed himself to Ms. Lamb and ejaculated at her desk.  This action is brought to recover damages Ms. Lamb suffered as a result of wrongful discharge, negligent supervision, and intentional infliction of emotional distress.

## II.   PARTIES

2. Ms. Lamb is a citizen of Laurel Hill, Scotland County, North Carolina.

3. Spartan is headquartered in Columbus, Ohio.

4. Spartan provides storage, transportation, and warehouse management services, specializing in handling food grade

materials, glass, paper, fragile and high value products, and in the storage and delivery of commercial goods.

### III. JURISDICTION AND VENUE

5. This matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.
6. Ms. Lamb and Spartan are citizens of different States.
7. Therefore, this Court has jurisdiction pursuant to the United States Constitution, Article III, § 2 and 28 U.S.C. § 1332.

### IV. STATEMENT OF FACTS

8. Throughout Ms. Lamb's employment with Spartan, her co-worker, Mr. Czyz Savage, subjected her to unwanted sexual activity, and the facility manager, Mr. Bobby Mormon, knew about the harassment and did nothing to stop it.
9. The harassment began in about May 2017. Mr. Savage took photos of Ms. Lamb without her knowledge or consent.
10. Mr. Savage frequently watched Ms. Lamb while handling and massaging his genitals.
11. Ms. Lamb complained to Spartan Manager Bobby Mormon on numerous occasions.
12. On one occasion, Mr. Savage went so far as to masturbate to orgasm, leaving ejaculate at Ms. Lamb's desk.

13. Ms. Lamb complained to Spartan Manager Mormon about this incident.
14. Manager Mormon did not take the incident seriously and even joked about it.
15. Manager Mormon did nothing to stop Mr. Savage's behavior.
16. Despite Ms. Lamb's repeated complaints to Manager Mormon about Mr. Savage, Manager Mormon on or about November 13, 2017 tasked Mr. Savage to travel with Ms. Lamb by car to pick up sandwiches for a meeting.
17. While Ms. Lamb was driving, Mr. Savage repeatedly handled and massaged his genitals and exposed himself to Ms. Lamb.
18. Ms. Lamb reported this incident to Mr. Savage.
19. Manager Mormon fired Ms. Lamb on January 24, 2018.
20. The purported reason for firing Ms. Lamb is that she had brought an antique to work that was merely part of a non-functioning firearm.
21. Upon firing Ms. Lamb, Manager Mormon said when he fired Ms. Lamb that he knew he would eventually find a reason to fire her.
22. Manager Mormon, while firing Ms. Lamb, acknowledged that his reason for firing her was pretextual.

23. The conduct described hereinabove adversely affected the terms, conditions and/or benefits of Ms. Lamb's employment.

24. As a direct and proximate result of said unlawful employment practices, Ms. Lamb has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and embarrassment.

25. As a further direct result of said unlawful employment practices, Ms. Lamb has anxiety about her future and her ability to support herself, harm to her employability and earning capacity, embarrassment among her co-workers, damage to her good reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life.

## V. FIRST CAUSE OF ACTION

**(Wrongful Discharge)**

26. Ms. Lamb adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

27. It is a violation of North Carolina law and public policy for Mr. Savage to expose his private parts to Ms. Lamb.

28. N.C. Gen. Stat. § § 14-190.9, <u>Indecent exposure</u>, is a statement of North Carolina's public policy, and states

4

that it is unlawful to "expose the private parts of his or her person in any public place and in the presence of any other person or persons."  G.S. § 14-190.9(a).

29. Mr. Savage violated N.C. Gen. Stat. § 14-190.9 by exposing himself to Ms. Lamb.

30. Spartan fired Ms. Lamb for complaining that Mr. Savage had violated N.C. Gen. Stat. § 14-190.9(a).

31. Plaintiff's termination was for an unlawful reason or purpose and contravenes North Carolina public policy.

32. The Supreme Court of North Carolina has never limited the application of the public policy exception to wrongful discharge claims resulting from an employee's refusal to perform an act contrary to public policy; rather:

> wrongful discharge claims have been recognized in North Carolina where the employee was discharged (1) for refusing to violate the law at the employer's request, (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy.

Ridenhour v. International Business Machines, 132 N.C. App. 563, 568-69, 512 S.E.2d 774, 778 (1999).

33. Even this list, the Court of Appeals has recognized, may be incomplete, as "[t]here is no specific list of what actions constitute a violation of public policy." Id. See, e.g., Lorbacher v. Housing Authority of City of

5

Raleigh, 127 N.C. App. 663, 493 S.E.2d 74 (1997) (an employee terminated for exercising free speech rights by making comments to the media).

34. Even if no specific statutory or constitutional provision applies, an employee can proceed on a claim of wrongful termination if some generally understood public policy of the state is violated by her termination. See, e.g., Caudill v. Dellinger, 129 N.C. App. 649, 656-57, 501 S.E.2d 99, 104 (1998) (recognizing public policy of the state to cooperate with law enforcement investigation).

35. Ms. Lamb is entitled to punitive damages because Defendant Spartan is liable for compensatory damages and that all of the following aggravating factors were present and were related to the injury for which compensatory damages were awarded: (1) fraud; (2) malice and (3) willful or wanton conduct.

36. Ms. Lamb's reporting Mr. Savage's mistreatment of her led to a tangible employment action, namely, her dismissal from employment.

37. Spartan's actions constitute retaliation against Ms. Lamb.

38. Spartan is liable to Ms. Lamb for the acts of its managers.

## VI. SECOND CAUSE OF ACTION

### (Negligent Retention)

39. Ms. Lamb adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

40. Spartan owed Ms. Lamb a legal duty of care.

41. Upon information and belief, Mr. Savage had a history of sexually harassing women.

42. Upon information and belief, prior to harassing Ms. Lamb, Spartan had either actual or constructive notice that Mr. Savage had a history of sexually harassing women at Spartan.

43. In the alternative, if Spartan had no knowledge of Mr. Savage's proclivity to touch and expose himself prior to Ms. Lamb's employer, her multiple complaints amply supplied Spartan with such knowledge.

44. Ms. Lamb have suffered damages as a result of Defendants' negligence in an amount in excess of $75,000.00.

## VII. THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

45. Ms. Lamb adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

46. Mr. Savage's conduct described in this Complaint is extreme and outrageous.

47. Mr. Savage's conduct was done with reckless indifference to the likelihood that his conduct would cause severe emotional distress.

48. Mr. Savage conduct did in fact cause Ms. Lamb severe emotional distress.

49. Spartan is liable to Ms. Lamb for the acts of its employee, Mr. Savage.

50. Ms. Lamb has suffered damages as a result of Defendants' intentional infliction of emotional distress in an amount in excess of $75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Lamb respectfully requests the following relief:

1. That all issues of fact raised by this pleading be tried by a jury.

2. That Ms. Lamb have and recover of Defendant for each of her causes of action, compensatory damages in an amount exceeding $75,000.

3. That the Court direct Defendants to pay Ms. Lamb such interest as may be allowed by law.

4. That the costs of this suit be taxed against Defendant.

5. That the Court order such other and further relief as may be just, proper, and necessary to afford complete relief to Ms. Lamb.

Respectfully submitted, this the 24th day of January, 2019.

        SCHILLER & SCHILLER, PLLC

By: <u>/s/ David G. Schiller</u>
    David G. Schiller (NCSB # 26713)
    304 East Jones Street
    Raleigh, NC 27601
    Telephone: (919) 789-4677
    Fax: (919) 789-4469
    Email: david@schillerfirm.com

    <u>Attorney for Plaintiff</u>

9

Case 1:19-cv-00116-TDS-JLW   Document 1   Filed 01/24/19   Page 9 of 9